**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**NATALIE JEAN-BAPTISTE,**

    **Plaintiff,**

                                      **Case No.:**

**vs.**

**CHILDREN'S NEST CHILD CARE
CENTERS, INC.,**

    **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NATALIE JEAN-BAPTISTE, by and through her undersigned counsel, sues Defendant, CHILDREN'S NEST CHILD CARE CENTERS, INC., and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 1367.

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division, because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

3. At all times material herein, Plaintiff, NATALIE JEAN-BAPTISTE, (hereinafter referred to as "Plaintiff"), is/was a resident of Hillsborough County, Florida.

4. At all times material herein, Defendant, CHILDREN'S NEST CHILD CARE CENTERS, INC., (hereinafter referred to as "Defendant"), is/was a Florida Profit Corporation, authorized and doing business in Hillsborough County, Florida.

5. Defendant, CHILDREN'S NEST CHILD CARE CENTERS, INC., is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to bringing this action have occurred.

7. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

8. More than 180 days have passed since the filing of the aforementioned Charge.

9. Plaintiff has received the Notice of Right to Sue from the EEOC.

## GENERAL ALLEGATIONS

10. At all times material herein, Defendant acted with malice and with reckless disregard for Plaintiff's federal and state protected rights.

11. At all times material herein, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer – the Defendant.

12. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

## FACTUAL ALLEGATIONS

13. Plaintiff was hired by Defendant in or around April 17, 2018 as a Preschool Teacher. During Plaintiff's employment, she was qualified for her position, met performance expectations, and was not subject to any disciplinary action during her employment.

14. In or around January 10, 2018, Plaintiff was diagnosed with fibroids.

15. On or about August 1, 2018, at a staff meeting, Plaintiff was told to call her Director, Michele Ryan, or Assistant Supervisor, Rontea (last name unknown), on the walkie talkie

whenever she needed to leave her classroom to use the restroom so they could send someone to look after her students.

16. On or about August 3, 2018, Plaintiff emailed Ms. Ryan a request to leave at 3:30 on August 10, 2018 to attend a doctor's appointment.

17. On August 10, 2018, Ms. Ryan was unavailable to relieve Plaintiff at 3:30. Plaintiff did not leave work until 4:00 which made Plaintiff late for her doctor's appointment. During this appointment, Plaintiff learned that she had a large mass on her uterus.

18. On or about August 13, 2018, Plaintiff informed her Assistant Supervisor, Rontea (last name unknown), of her condition and told her that it would require Plaintiff to use the restroom frequently during the school day.

19. Whenever Plaintiff would call Michele or Rontea to let them know that she needed to use the restroom, they usually would not answer. Despite Defendant's awareness of Plaintiff's need to use the restroom due to her condition, Plaintiff would have to call multiple times and wait for long periods of time before someone would come to relieve her.

20. On or about August 27, 2018, after not receiving a response for a long period of time on the walkie talkie or her cell phone to her request to use the restroom, Plaintiff asked the teacher next door to watch over the children in her classroom. Plaintiff needed to use the restroom, they were not accommodating her, and she could not wait any longer.

21. The following day, August 28, 2018, Plaintiff reiterated her need for reasonable accommodation to use the restroom and provided a letter from her doctor stating that she needed to be able to use the restroom due to her condition. Approximately 15 minutes later, Ms. Ryan told Plaintiff that she could not be trusted and terminated Plaintiff's employment. Upon

3

Case 8:19-cv-01791-CEH-CPT   Document 1   Filed 07/23/19   Page 4 of 9 PageID 4

information and belief, another teacher told had to leave her students with another teacher to use the restroom and she was not terminated for doing so.

## COUNT I
## AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 – DISABILITY DISCRIMINATION

22. Plaintiff realleges and adopts the allegations stated in paragraphs 1 – 21.

23. Plaintiff is an individual entitled to protection under the Americans with Disabilities Act Amendments of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

24. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of her job with Defendant.

25. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff, and discriminated against Plaintiff because of her disability, record of a disability and/or perceived disability.

26. Defendant failed to provide Plaintiff with a reasonable accommodation and terminated her on the basis of her disability, record of a disability and/or perceived disability.

27. The above described acts of disability discrimination constitute a violation of the ADAAA for which Defendant is liable.

28. Defendant's unlawful and discriminatory employment practices toward Plaintiff was intentional.

29. As a direct and proximate result of Defendant's violations of the ADAAA, Plaintiff has suffered and continues to suffer damages.

4

**WHEREFORE,** Plaintiff, NATALIE JEAN-BAPTISTE, prays for judgment against Defendant, CHILDREN'S NEST CHILD CARE CENTERS, INC., and for the following damages:

   a. Back pay and benefits;

   b. Prejudgment interest on back pay and benefits;

   c. Front pay and benefits;

   d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

   e. Punitive damages;

   f. Attorney's fees and costs; and

   g. For any other relief this Court deems just and equitable.

## COUNT II
## AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 ("ADAAA") RETALIATION

30. Plaintiff realleges and adopts the allegations stated in paragraphs 1 – 21.

31. Plaintiff suffered an adverse employment action (termination) for opposing an employment practice for opposing Defendant's discriminatory treatment of her and for requesting an accommodation, which action is unlawful pursuant to the ADAAA, 42 U.S.C. § 12112, *et seq.*

32. The above described acts constitute retaliation, in violation of the ADAAA.

33. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

  d. Compensatory damages;

  e. Pecuniary and non-pecuniary losses;

  f. Attorney's fees and costs; and

  g. For any other relief this Court deems just and equitable.

**WHEREFORE,** Plaintiff, NATALIE JEAN-BAPTISTE, prays for judgment against Defendant, CHILDREN'S NEST CHILD CARE CENTERS, INC., and for the following damages:

  a. Back pay and benefits;

  b. Prejudgment interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

  e. Punitive damages;

  f. Attorney's fees and costs; and

  g. For any other relief this Court deems just and equitable.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT – DISABILITY DISCRIMINATION

34. Plaintiff realleges and adopts the allegations stated in paragraphs 1 –21.

35. Plaintiff is an individual entitled to protection under the Florida Civil Rights Act ("FCRA"), Chapter 760, *Florida Statutes*.

36. Plaintiff is an individual with a disability/handicap.

37. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff, and discriminated against Plaintiff because of her disability/handicap, record of a disability/handicap

and/or perceived disability/handicap.

38. Defendant failed to provide Plaintiff with a reasonable accommodation and terminated her on the basis of her disability/handicap, record of a disability/handicap and/or perceived disability/handicap.

39. The above described acts of disability/handicap discrimination constitute a violation of the FCRA, for which Defendant is liable.

40. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

41. As a direct and proximate result of Defendant's violations of the FCRA, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff, NATALIE JEAN-BAPTISTE, prays for judgment against Defendant, CHILDREN'S NEST CHILD CARE CENTERS, INC., and for the following damages:

   a. Back pay and benefits;

   b. Prejudgment interest on back pay and benefits;

   c. Front pay and benefits;

   d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

   e. Punitive damages;

   f. Attorney's fees and costs; and

   g. For any other relief this Court deems just and equitable.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT - RETALIATION

42. Plaintiff realleges and adopts the allegations stated in paragraphs 1 –21.

7

43. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Florida Statutes Chapter 760. Specifically, Plaintiff was terminated after opposing discriminatory behavior toward her and after requesting an accommodation.

44. The above described acts of retaliation constitute a violation of Florida Statutes Chapter 760 for which Defendant is liable.

45. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, NATALIE JEAN-BAPTISTE, prays for the following damages against Defendant, CHILDREN'S NEST CHILD CARE CENTERS, INC.:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Compensatory damages;

   e. Pecuniary and non-pecuniary losses;

   f. Costs and attorney=s fees;

   g. Punitive damages; and

   h. For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

46. Plaintiff requests a jury trial on all issues so triable.

**DATED:** July 23, 2019.

>                    **FLORIN GRAY BOUZAS OWENS, LLC**
>
>                    */s/ Miguel Bouzas*
>                    **MIGUEL BOUZAS, ESQUIRE**
>                    Florida Bar No.: 48943
>                    Primary:    miguel@fgbolaw.com

Secondary:   gina@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

*Trial Attorneys for Plaintiff*